Matter of the Judicial Settlement of the Account of Proceedings of HAMILTON FISH KEAN and JAMES B. LUDLOW, as Temporary Administrators of the Goods, Chattels and Credits of ROBERT B. VAN CORTLANDT, Deceased.

Matter of the Judicial Settlement of the Account of Proceedings of HAMILTON FISH KEAN and JAMES B. LUDLOW, as Executors of the Last Will and Testament of ROBERT B. VAN CORTLANDT, Deceased.

(Surrogate's Court, Westchester County, July, 1919.)

Executors and administrators — power of temporary administrators — accounting — preferential payments — Code Civ. Pro. § 2597.

The general power of temporary administrators under section 2597 of the Code of Civil Procedure " to secure and preserve the estate " implies the further power to do whatever is necessary to perfect a chose in action.

By an order of the surrogate not appealed from the temporary administrators were authorized to arrange with any and all firms and corporations for the sale of certain preferred stock held by them as collateral and by said order the pledgees were authorized to effect such sale and to apply the proceeds to the reduction of the debit balances due and owing to them respectively by the estate of decedent. *Held*, that said pre-

Surrogate's Court, Westchester County, July, 1919. [Vol. 108.

ferential payments were not claims against the estate in the first instance but against the stock which had been pledged as collateral.

Upon the judicial settlement of the accounts of said administrators and executors, the plaintiffs in an action brought against the decedent in his lifetime to recover a money judgment, and now pending against his executors, had a right to object to such preferential payments but, as the account indicated that by the sale of the stock and the payment to the preferred creditors a profit had been realized from the "right" which belonged to the stock to the benefit of the entire estate and consequently to any and all creditors, said plaintiffs could not be injured should they ultimately secure the judgment for which their action was brought.

The account of the executors charged with money transferred to the general devisee, a legatee of decedent, in advance of the payment of the claims of the creditors.

PROCEEDINGS upon the judicial settlement of the accounts of temporary administrators and of executors.

Crescens Hubbard, for executors.

James B. Ludlow, in person.

W. Bourke Cockran, for objectors.

SLATER, S. In the matter of the accounting of the temporary administrators of decedent, Otto Schiff and others appear as objectors. They are plaintiffs in an action now pending in the Supreme Court against decedent in his lifetime and now against the executors and others to obtain a money judgment. Section 2768 of the Code of Civil Procedure, subdivision 3, defines the word "debts" as including every claim and demand upon which a judgment for a sum of money or directing the payment of money

could be recovered in an action, and the word " creditor " includes every person having such a claim or demand. Therefore they have the right to appear at this time and object. The objection is made to certain payments to Kean, Taylor & Co., Bank of Manhattan Company, Davies, Thomas & Co., Union Trust Company, and the United States Mortgage and Trust Company. Section 2682 of the Code provides for the order of payment of debts against an estate. The powers of temporary administrators are set forth in section 2597. Among the general powers granted is one " to secure and preserve " the estate. The doings of temporary administrators are regulated entirely by the order of the surrogate. The surrogate may by order authorize the temporary administrator to pay funeral expenses or any expenses of the administration of his trust. He may also direct the payment of a legacy. Under section 2599 any time after completion of the publication of the notice to creditors, the surrogate may empower the temporary administrator, prior to an accounting, upon proof and his satisfaction that the assets exceed the debts, to pay the whole or any part of a debt due to a creditor. The temporary administrators claim that by order of the former surrogate of this court, dated May 3, 1918, they were empowered to pay certain debts to the creditors named in the objection filed herein, in these words: " Ordered, that the said temporary administrators be and they hereby are authorized to arrange with any and all of said firms and corporations holding as collateral second preferred stock of the Gulf States Steel Company for the exchange of said preferred stock for common stock of said company or for the sale of said preferred stock, and that such firms and corporations be and hereby are authorized to effect such sales and to apply the proceeds thereof to the reduction of

the debit balances due and owing to them respectively by the estate of the decedent.''

This order was not appealed from and, therefore, I will assume at this time that upon this accounting it stands with full force. Even admitting that it was made at a time when the court was without power to make it, unless it had power under the general equitable powers given by the Code, I conclude that these preferential payments were not claims against the estate in the first instance but against the stock which had been pledged as collateral security. The temporary administrators, upon order of the court, would have the right to pay the maturing debt for which collateral was pledged. The general power to secure and preserve the estate implies the further power to do whatever is requisite to perfect a chose in action, for the power to do an act includes the power to do all that is reasonably necessary to do it effectively. *Matthews* v. *American Central Ins. Co.,* 154 N. Y. 449. By the sale of the stock and the payment of these preferred creditors from this primary fund, the account indicates that the estate has been able to realize a profit from the '' right '' which belonged to the stock, to the benefit of the entire estate and consequently to any and all creditors. I cannot observe that any money has been lost to the general estate by the payment of these preferred debts or that any right of the objectors has been invaded, should they ultimately secure a money judgment.

Otto Schiff and others also object to the fact that the executors have transferred certain moneys to the general devisee and legatee of decedent, Columbia University in the City of New York. The executors were without power to do this until the payment to creditors had been made, and I must decline to permit

the account to approve of these payments, and the executors must stand charged with these sums of money so paid to Columbia University.

Decreed accordingly.